The Court delivered the following opinion —This Was an action of debt, brought by Love and Bass, in the Jefferson circuit court, against Alexander Ralston, Charles Lynch, Stephen Smith, Benjamin Roberts, and William Roberts. The sheriff executed the writ on Alexander Ralston only ; and made on the writ his return in the following words : “ Executed on Alexander Ralston, and Robert Ralston, appearance bail: a copy of the bail bond is herewith returned: the other defendants are not inhabitants of Jefferson county.” An office judgment was entered at the rules against Alexander Ralston, and Robert Ralston, his appearance bail; which was afterwards confirmed in court.
Bail bonds ftould receive a liberal conftruc. tion in furtherance of juftice.
If the bail bond recite that it is taken by virtue of a writ againft R. and it be taken by virtue of, & returned with a writ againíl R. and others, it is fufficient,
if a bond on its face purport to be the bond of feveral, and it be executed by all except one, it is unne-cellary, in a fuit on fuch bond, to take notice of the name of that one.
Unlefs oyer be taken of the bond, it forms no part of the record,although certified with it.
The first and second errors assigned, allege that the: bail bond is defective — -1st, Because it is taken to the sheriff, his heirs, executors, administrators and assigns, and not to his successors : and, 2dly, Because it purports to be taken in a suit against Alexander Ralston only; no notice being taken in the bond that there were other defendants.
The first objection has no weight in it. The law having fixed the operation and effect of the bond, it was unnecessary to name either the heirs, executors, administrators o-r successors of the sheriff. The bond being taken to him, as sheriff, is sufficient; and it shall pass to those who by law are entitled to the benefit thereof, in the same manner that a bond given to a private individual will pass to his executor, although the word heirs, without the word executors, is inserted in the bond. Besides, the successors of the sheriff'are not entitled to the bond, or die benefit of it. According to the method, of proceeding before the act authorising a judgment to be rendered jointly against the defendant and his. appearance bail, upon default the bond was an indemnity to the sheriff- for letting the defendant go at large ; and if the sheriff was damnified thereby, his personal representatives, and not his successors, were entitled to the remedy upon that bond against the defendant.
The second objection to the bail bond, has more difficulty in it ; but, upon mature consideration, we think the objection does not render the bond void, or insufficient.
Bail bonds are taken by virtue of the eleventh section of the act for preventing “ vexatious suits, and regulating proceedings in civil cases,” passed December 19⅛ 1796. This act prescribes no particular form to be pursued in drawing the bond ; but only requires the sheriff to “ return on the writ the name oí the bail by him taken, and a copy of the bail bond, to the clerk’s office, be-, fore the day of appearance.”
But bythe tenth section of the “ act to reduce into one. the several acts concerning sheriffs,” approved also De-. cember 19th 1796, it is declared, that “ It shall not be lawful for any sheriff, or his deputy, to take any obligation of, or from any person or persons in his custody, for or concerning any matter relating to his office, otherwise payable, than to himself, as sheriff, and discharge-able upon the prisoner’s appearance, and rendering him *503 self at the day and place required in the writ whereupon he was, or shall be taken or arrested. And every obligation, by any sheriff taken, in any other manner and form, by colour of his office, shall be null and void.”
These two acts being made in pari materia, must be taken and construed together. And it is clear that every bail bond, taken by a sheriff, of any person in his custody, contrary to the provisions and directions of the last recited act, is void ; and will not authorise a judgment against the bail. And it would seem, on the other hand, when it appears from the record that the defendant was arrested by virtue of a writ against him, autho-rising the sheriff to make the arrest; and that the bail bond has not been taken contrary to the form prescribed by the latter act, but pursuant thereto, and a copy thereof is returned with the writ, with the proper indorsement thereon by the sheriff of the name of the bail, as required by the former act; that the bond should, in general, be considered good, and sufficient to authorise a judgment against the hail.
The law having required the sheriff to indorse on the writ the name of the bail by him taken, and to return with the Writ a copy of the bail bond ; the bail bond makes a part of the sheriff’s return, which is made upon oath ; and therefore, the presumption should not be indulged, that he has .violated his duty, by taking the bond in one suit, and returning it in another, where there is such a correspondence between the writ and bond, as that by any reasonable intendment, the bond may have been taken upon that writ ; or unless there be such a material misrecital in the bond, as to render it contradictory to the writ, so as to shew that it had been taken in another suit.
Here, the bond is made payable to the sheriff, and is conditioned for the appearance of the defendant to the suit of the plaintiffs, at the time and place mentioned in the writ for his appearance ; which writ appears, both from the sheriff’s return, and from the recital in the bond, to have been duly executed upon the defendant. The condition of the bond does not express that the writ was against Alexander Ralston, as sole defendant ; but has only omitted to mention the other defendants ; so that the bond is not contradictory to, but is consistent with the writ. The'writ having issued against Alexan *504 der Ralston, and others, did not make it the less á wrii against him. Nor could the bail be prejudiced by the omission ; for ifhe had wished either to become special bail, so as to enable him to surrender his principal, dr td defend the suit as appearance bail, he could not have been misled thereby; The indorsement of his name 0⅛ ⅛⅜ writ, as bail, and a copy of the bond filed with the writ, would have been sufficient to have removed all difficulty* eve’n if there had been other suits between the plaintiffs and Alexander Ralston, as sole defendant; depending in the same court; If nice and technical objections to bail bonds, are indulged, few bail bonds will stand, and great mischief will be done ; for they aré generally taken by deputy sheriffs, who are but little versed in technical forms. It is, therefore, necessary to give them a liberal construction, in furtherance of justice.
The next assignment of error, alleges that the declaration is defective, in not noticing the name Of Johii Blanton,,which is in the bond. This admits of two obvious answers — -1st* If the bond, by oyer, had been made a part of the declaration, the name of John Blan-ton was unnecessary to be noticed ; because, although named in the body of the bond, he did not execute it, and was no party thereto. The writ and declaration both, therefore, take no notice of him.
It is alleged also, that the bond appears, oh its face, tobe an escraw, because John Blanton was to have executed it, and did not; and so it was not obligatory on the obligors.
This objection, if true, could not now be taken advantage of by the plaintiffs in error ; because, by failing to crave oyer of the bond, they are not to consider it as a part of the declaration, or record. But if the bond had been made part of the record, by oyer, the objection could not prevail. The bond does not appear to have been delivered as an escraw. An escraw is where a writing has been delivered to a third person, to be by him delivered, as the deed of the obligor to the obligee, upon the performance of some act or condition precedent. Here, there is nothing shewing such delivery, condition precedent, or intervention of a third person, or stranger ; but the declaration, on the contrary, alleges a delivery from the obligors to the obligees, which can-s not make an escraw. If it had really been delivered ás *505 pn esCraw, the defendant ought to have shewn it by plead-jng, which he has not done.
The other errors alleged, relate only to the executions, and need not be noticed ; no application having beeri made to the inferior court to correct them ; without which, we have no jurisdiction of the matter.
Judgment affirmed.*

 As to the fufficiency of bail bonds, fee the next cafe — alfo the cafe of Berry vs. Cunningham, fprtng term ?Sc8 ; and Mosby, &c. vs. M'Elroy, fpringrerm 1809. That a bond Is no part of the record, unlefs made fo by oyer, fee Palmer and Cafey vs. M'Ginnis, M'Clelland vs. Strong, and Adams vs. Bradfhaw, peft alfo Marfhall and Bohannon vs. Redd, and Adams vs. Macey, fpring term 1809; and Gift vs. Steele, fall term 1809.